## G. L. PETTIGREW v. H. L. HODGES.

Western Section.  July 1, 1927.

No petition for Certiorari was filed.

1. **Election of remedies. Party having two remedies and prosecuting one successfully, is estopped to resort to the other.**
   A party having two rights of action, if he sue on both at once can be compelled to elect which he will prosecute, and if he has elected to prosecute one and does so successfully, he is estopped to resort to the other.

2. **Landlord and tenant. Liens. Landlord does not have a lien on crops for the price of a team sold to the tenant.**
   Where a landlord sold a team to his tenant, and took a note and chattel mortgage for the purchase price and later foreclosed the mortgage and then sought to recover the balance due on the note, from the crops of the tenant under the landlord's lien statute, held that the landlord did not have a lien for the balance due.

Appeal from Circuit Court, McNairy County; Hon. R. B. Baptist, Judge.

Affirmed.

H. P. Wood and J. C. Houston, of Selmer, for appellant.

Abernathy & Abernathy, of Selmer, for appellee.

HEISKELL, J. The plaintiff sold to C. L. Rickman a team of mules and wagon in the summer of 1925, taking a note retaining title. At the same time he rented Rickman a piece of land on which to make a crop in 1926. Rickman made a crop of cotton on the land and sold part thereof to defendant Hodges. All that Rickman owed plaintiff for rent and supplies was paid out of the crop.

The mules and wagon were repossessed by plaintiff, and sold under the conditional sale contract and net proceeds credited on the note, leaving a balance due of $98.56. All that remains of this suit is the question whether the plaintiff is entitled to a lien on the cotton sold to Hodges, so as to make Hodges liable for this balance due on the purchase price of the mules and wagon.

Plaintiff relies on section 3, chapter 71, of the Acts of 1923, which is as follows:

"That the landlords or persons controlling land by lease or otherwise shall have a lien on all crops of tenants or share-croppers grown during the year on the land, for the payment of necessary fertilizer, implements, work stock, feed for stock, seed, and labor, insecticide, furnished to and used by such tenants or share croppers in the production of the crops."

The circuit court tried the case without a jury and dismissed the suit of plaintiff. It does not appear upon what ground, but counsel on both sides seem to agree that the trial judge held that in a case like this the Act of 1923, supra, does not give a lien and, therefore, the purchaser of the crop was not liable. That is, that the statute was intended to give a lien only for the value of the use of stock furnished by the landlord to the tenant during a particular crop season upon the crop of that year.

From the action of the trial court the plaintiff has appealed and assigned errors. The only question raised is that the court erred in holding as indicated above that the landlord had no lien on the crop of 1926 for balance of purchase price of the mules and wagon sold to the tenant in 1925.

The mules and wagon were sold to Rickman by Pettigrew in the summer of 1925, and at the same time Pettigrew rented the land to Rickman for the year 1926. A note was taken for the purchase price of the mules and wagon, and title retained under a conditional sale contract. This note fell due in the latter part of the year 1925 and was renewed in April, 1926, for the balance due, a payment having been made. This renewal note fell due in November, 1926. As stated the plaintiff sold the property under the conditional sale contract, credited the net proceeds on the note, and seeks to hold the defendant for the balance. If the lien existed on the crop of 1926 for this debt, it is conceded that the defendant, as purchaser of the crop, is liable to the same extent that the tenant would be, but it is contended for the defendant that there is no landlord's lien given by the statute and if there is that plaintiff, having two rights and two remedies and having availed himself of one, is estopped to claim the other.

For the second proposition the case of Bank v. J. T. Pettit & Co., 9 Heisk., 452, is relied on, and this case cites Parham v. Parham, 6 Hum., 287, and Watkins v. Watkins, 7 Yerg., 283. These cases hold that a party having two rights of action, if he sue on both at once can be compelled to elect which he will prosecute, and if he has elected to prosecute one and does so successfully, he is estopped to resort to the other. However, if these cases are not conclusive we think there was no lien as to this crop for this debt.

If the lien existed as to the crop of 1926 it would have existed as to any subsequent year as long as the debt remained unpaid and was kept alive. This was not the purpose and intention of the statute.

The assignments of error are overruled and the judgment of the lowed court is affirmed. Plaintiff and his sureties on the appeal bond will pay the costs of the appeal.

Owen and Senter, JJ., concur.